**NOT FOR PUBLICATION**

**WUNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LATANYA W.,[1]<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 26cv10671 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Latanya W. filed this action seeking review of a decision of the Commissioner of Social Security, together with an application to proceed *in forma pauperis* ("IFP"). D.E. 1; D.E. 1-1 ("IFP Application" or "IFP App."). Because the IFP Application does not provide enough information for the Court to accurately assess Plaintiff's financial condition, the Court will **DENY** the IFP Application ***without prejudice***.

Under 28 U.S.C. § 1915(a)(1), a court may authorize a litigant to proceed without prepaying fees if the litigant submits a proper affidavit and "establish[es] that [s]he is unable to pay the costs of [her] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). The financial affidavit must be complete, made in good faith, and provide sufficient information for the Court to evaluate the applicant's financial condition. *Atl. Cnty. Cent. Mun. Ct. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). An incomplete financial

[1] To protect the privacy interests of plaintiffs in social security cases, the Court adopts the recommendation of the Judicial Conference of the United States to refer to plaintiffs in social security cases by their first name and last initial. *Veronica D. v. Comm'r of Soc. Sec.*, No. 24-1326, 2025 WL 2665313, at *8 (M.D. Pa. Sept. 17, 2025).

affidavit does not satisfy Section 1915(a)(1). *Rohn v. Johnston*, 415 F. App'x 353, 354–55 (3d Cir. 2011). Ultimately, the relevant inquiry for the Court is whether payment of the filing fee would require the applicant to sacrifice the necessities of life. *Sinwell v. Shapp*, 536 F.2d 15, 19 n.14 (3d Cir. 1976).

Here, the Court cannot make that determination from the information Plaintiff provides. Plaintiff reports no employment income and approximately $277 in monthly public assistance. IFP App. at 1–2. She further reports no cash, funds in financial accounts, real property, vehicles, or other assets. *Id.* at 2–3. Plaintiff also notes that she receives fixed income welfare and food stamps. *Id.* at 5.

The difficulty is Plaintiff's description of her expenses. In response to the portion of the form requiring her to estimate her average monthly expenses, Plaintiff lists $0 for every category, including rent or mortgage payments, utilities, home maintenance, food, clothing, medical and dental expenses, transportation, insurance, taxes, installment payments, and other expenses. *Id.* at 4–5. She consequently reports total monthly expenses of $0. *Id.* at 5.

Although Plaintiff entered "0" rather than leaving these questions blank, the resulting application does not provide a meaningful picture of her financial condition. It is difficult to reconcile a representation that Plaintiff incurs no expenses whatsoever with the ordinary necessities of daily life, particularly absent any explanation identifying whether another person, government program, or other source provides or pays for Plaintiff's housing, utilities, transportation, food, medical care, or other basic needs. The Court cannot assume that Plaintiff has no such expenses, nor can it infer from the present record how those necessities are being provided.

That information is critical to determining whether Plaintiff is actually unable to pay the filing fee. *See Sinwell*, 536 F.2d at 19 n.14. Because the Court cannot accurately assess Plaintiff's financial eligibility on the present application, the IFP Application will be **DENIED *without prejudice***. Plaintiff will be permitted to submit a new AO 239 that completely and accurately states her financial circumstances, including an explanation of how her ordinary living expenses are paid if she again reports that she personally incurs no such expenses.

Accordingly,

**IT IS** on this **26th** day of August 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action; and it is further

**ORDERED** that within **30 days** of entry of this Order, Plaintiff may seek to reopen this matter by either (1) submitting a complete and accurate AO 239 application that answers every question and states all requested amounts, including all income, assets, debts, expenses, and sources of financial support, or (2) paying the full $405 filing fee; and it is finally

**ORDERED** that upon Plaintiff's timely submission of either a complete and accurate AO 239 application or the full $405 filing fee, the Clerk shall **REOPEN** this action for further review.

Evelyn Padin, U.S.D.J.